May it please the court, counsel, my name is Gregory Sherwood. I am court-appointed counsel for Damien Jones. He filed a Pro Se 2255 motion. I'm going to use Damien Jones throughout so we don't confuse him with Cedric Jones. If I say Mr. Jones, I might get it wrong. That is made up of 324 months for his group of robbery-related convictions, one for conspiracy and the other three for substantive acts of robbery on three different days. There is a seven-year or 84-month consecutive sentence for one firearms-related conviction, which has now been rendered or has now been held to be constitutionally invalid under the 2019 U.S. v. Davis Supreme Court decision. Damien Jones is serving a second firearms-related conviction that is still valid because it is connected to a substantive robbery conviction that is an extra 300 months or 25 years. Is that consecutive to the 84-month or is it not? This firearms-related conviction statute talks about how each of the firearms counts must be consecutive to each other and they have to be consecutive to any other counts. For example, in the rearrangement hearing back in 2015 when Damien Jones was age 31, he talks about, well, I'm glad I'm looking at 32 to life because he's thinking 7 plus 25 and what somebody should have said and what they kind of did say but it really didn't get emphasized to him is, well, no, you're looking at 7 plus 25 plus what you get on the robbery because all three of those must be consecutive. But in any event, that's just a factual matter I wanted to point out. The government wants to hold Damien Jones to the benefit of his bargain by enforcing what the government calls a favorable plea agreement or an extremely favorable plea agreement. This was not a mutually beneficial agreement. Damien Jones in the abstract, yes, he saved 50 years by having two other firearms-related convictions dismissed by the government but there's no difference between the 59-year sentence he's serving and the 109-year sentence. He's not going to survive either one. So all the cases cited by the government in its brief and in its Rule 28 letters, I pointed out in a November Rule 28 letter that all of those cases deal with instances where those defendants did get a benefit. They got a reduced sentence or a lower sentence that they can theoretically survive. Damien Jones, he'd have to live to 90 to survive the 59-year sentence he's currently serving. Additionally, and this may seem like a hard argument for me to make, but if we're going to hold Damien Jones to the benefit of his part of the plea agreement, we need to hold the government to its part of the plea agreement also. Those two firearms convictions that were dismissed, those are still constitutionally valid. They were related to substantive robbery convictions. I don't know the reason that the indictment was pleaded that way. I don't know if the evidence was different. I don't know if that was a just pure luck of the draw for the reasons of which ones were dismissed and were not, but the government should be held to its end of the bargain as well. And Damien Jones is asking that this case be remanded for resentencing. One of the firearms convictions would have to go away, but the second firearms conviction would need to be resentenced at the 7-year to life range, not the 25-year to life range. Now, I'm happy to answer questions. That's kind of an overview of my argument, and we can parse it apart as you wish now. Well, you heard some of the arguments that we just discussed in the other case. Yes. Any thoughts or comments about those? Well, first of all, I think the question about does this withdraw the plea agreement and make the defendant back in the position he was post-indictment, I think that's correct. I didn't make that clear in my brief, but I think that's what would happen is if Damien Jones receives the relief he requested, then he's facing all eight counts under the indictment. From his perspective now, while I'm looking at a life sentence or I'm looking at an extra life sentence, this reminds me of state appeal convictions that I've worked on, especially in the child sex offense arena, where there's lots of convictions and they're all stacked, and so the newspaper says, you know, defendant receives 840-months or 840-year sentence because that's sending a message to the community. It's been my experience that robbery convictions sort of have that same characteristic. They're all serious. I mean, this was . . . the facts were bad. If I was the government, I would be emphasizing the facts as it did in its brief, and I recognize that. There's nothing I can do about the facts of the case, and I also recognize that if Damien Jones is sent back for resentencing, that Judge Boyle has . . . she's not . . . what I'm trying to say is we don't automatically subtract 84 and leave it at that. Judge Boyle will have the option of considering that second firearms-related conviction between 7 and 7 to life, and she could give him 7 months. She could explain why she's given him 25 years. It's within her discretion. I recognize that, but it still needs to be sent back for resentencing if the court agrees with our arguments that post-conviction relief should have been granted. If there are no other questions, then I'll sit down and wait for rebuttal. Thank you. May I please have the floor? Amy Mitchell again, for the United States. Because of the other issues we've sort of addressed in the previous argument, I'm going to skip ahead to Damien Jones' last argument, which is that because he received no real benefit to this bargain, the court shouldn't enforce it. And that's unconvincing for a couple of reasons. First of all, there's no authority for it. In looking at even the circuits that recognize a formal miscarriage of justice exception, none of those look backward to the degree of benefit the defendant received. And in this case, he did receive a benefit. If he had gone to trial or if he pled without a plea agreement, he would have had an additional 50 years in prison. And that would have been a guaranteed additional 50 years in prison. At least as he stood with his plea agreement, he could walk into sentencing knowing for sure he was going to walk out with 32 years, but that the court had discretion in the sentence on the underlying convictions. And he could argue for down variance, mitigating factors, all of those things. He had a possibility of a sentence that was closer to 32 years, which is much better than 82 years plus a sentence on the underlying convictions. And to me, this really is sort of more like a miscarriage of justice argument in a sense, and the court's already rejected that in Caldwell. So if the court has any questions, I will see the remainder of my time. I would only repeat that 109 years or 59 years, it's the same to Damien Jones. That's like if I was going to buy a house and the person working for me, and forgive me if I get the language wrong because I still live in an apartment. I've never bought a house. But if whoever's selling me the house is saying, well, I could save you $50,000 on this house. Well, $50,000 sounds like a lot of money. But if the house is worth $30 million, that's really not worth a lot of money. So the fact that he saved 50 years, it's irrelevant because he's still serving 59 years, not 109 years. And he risks, well, Judge Boyle cannot change the sentence on the underlying robbery convictions. So that sentence stays in place. So he's looking at seven to life on the remaining firearms conviction. But I've already stated my argument on that, and I don't want to repeat myself. I think the briefs have argued the court's case law, and we've kind of gotten into the weeds on the various questions that the panel has asked today and that were asked back in May on Davis and Caldwell. I pointed out that there was a conflict in two cases that perhaps should be resolved by the en banc court, but that may be neither here nor there. The easiest way to resolve that may be just for the panel to either ignore that argument or just say, well, we're going to follow the published opinion and not the unpublished opinion. But in any event, if there are no other questions, the relief Damien Jones is asking for is that the district court's order agreeing with the magistrate judge recommending denial of relief be reversed or vacated, whatever the proper word is, and remanded for resentencing on that remaining, excuse me, I may have misspoken. The actual remedy would be, well, I may have hoisted myself on my own petard. I think the actual remedy is that he's placed back in the position he was in post-indictment. So it's either that's the remedy or the alternative remedy is remand for resentencing on the remaining firearms conviction. And I apologize for being unclear on that. That's just something, a thought that has occurred to me as we've been speaking today. If there are no other questions, I thank the court for its time. Mr. Sherwood, you were court-appointed, and we appreciate your willingness to take these cases. Thank you. Thank you.